**FIRST NATIONAL BANK OF LIBBY, MONTANA, Appellant,**

v.

**Ken RECTOR, et ux., Appellees.**

**No. 14434.**

Court of Appeals of Texas, Austin.

April 16, 1986.

---

\* \* \* \* \* \*

John F. Paniszczyn, Reagan, Burrus, Dierksen, Lamon & Bluntzer, New Braunfels, for appellant.

Mark E. Cusack, Chunn & Chunn, New Braunfels, for appellees.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

## ON MOTION FOR REHEARING

GAMMAGE, Justice.

Our prior opinion is withdrawn and the following is substituted.

The First National Bank of Libby, Montana sued Ken and Pauline Rector to enforce a default deficiency judgment obtained in Montana. The trial court granted summary judgment for the Rectors, and the Bank appealed. We will reverse the judgment of the trial court and here render judgment for the Bank.

On November 17, 1980, the 19th Judicial District Court of Lincoln County, Montana entered a default judgment in favor of the Bank in its suit against the Rectors and Samuel and Janet Jones to recover on a promissory note and to foreclose a mortgage securing the note. Following a sheriff's sale of real property described in the judgment, the Bank obtained a deficiency judgment against the two couples in the amount of $26,211.91 plus interest at the rate of 13% per annum from December 16, 1980, until payment of the judgment. The Bank brought this lawsuit in Comal County to enforce the deficiency judgment against the Rectors. After denying the Bank's first motion for summary judgment, the trial court considered both a second motion for summary judgment by the Bank and a motion for summary judgment by the Rectors. The trial court denied the Bank's second motion and granted summary judgment for the Rectors, and the Bank brought this appeal.

By four points of error the Bank contends that the trial court erred in granting summary judgment for the Rectors, and in denying the Bank's motion for summary judgment. In making the latter assertion, the Bank argues that viewing the evidence in the light most favorable to the Rectors no genuine issues of material fact exist, and that the Montana court's exercise of *in personam* jurisdiction over the Rectors was proper.

## I. SUMMARY JUDGMENT REVIEW

Summary judgment is a harsh remedy which must be strictly construed. *In-*

*ternational Ins. v. Herman G. West, Inc.,* 649 S.W.2d 824, 825 (Tex.App.1983, no writ). It is proper only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tex.R.Civ.P.Ann. 166–A(c) (Supp.1986); *McFadden v. American United Life Ins. Co.,* 658 S.W.2d 147, 148 (Tex.1983). In determining whether there is a genuine issue of fact in a case, the evidence must be viewed in the light most favorable to the party opposing the motion. *Gaines v. Hamman,* 358 S.W.2d 557, 562 (Tex.1962). "The burden of demonstrating the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against the movant." *Smith v. University of Texas,* 664 S.W.2d 180 (Tex. App.1984, writ ref'd n.r.e.).

At the outset we note the presence of detailed findings of fact and conclusions of law entered by the trial court. It is well settled that findings of fact and conclusions of law have no place in a summary judgment proceeding. *State v. Easley,* 404 S.W.2d 296, 297 (Tex.1966); *Yarbrough v. Phillips Petroleum Company,* 670 S.W.2d 270 (Tex.App.1983, writ ref'd n.r.e.); *Fulton v. Duhaime,* 525 S.W.2d 62 (Tex.Civ. App.1975, writ ref'd n.r.e.).

## II. ENFORCEMENT OF FOREIGN JUDGMENTS IN TEXAS

 The law with regard to the enforcement of foreign judgments is basic and well-established. It is fundamental that a state must give the final judgment of a sister state the same force and effect the judgment would be entitled to in the state in which it was rendered. U.S.Const. Art. IV, § 1. Texas courts may nonetheless examine the facts in each case to determine whether the court of the sister state did in fact have jurisdiction to enter the judgment for which full faith and credit is sought. *Williams v. State of North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); *Country Clubs, Inc. v. Ward,* 461 S.W.2d 651, 655 (Tex.Civ.App. 1970, writ ref'd n.r.e.). When a plaintiff sues upon a judgment of a sister state in a

Texas court and introduces a properly authenticated copy of the judgment as provided by 28 U.S.C.A. § 1738 (1966), he thereby establishes a prima facie case. *Medical Administrators v. Koger Properties,* 668 S.W.2d 719, 721 (Tex.App.1983, no writ); *Hamilton v. Newbury,* 412 S.W.2d 801, 805 (Tex.Civ.App.1967, writ ref'd n.r.e.). The burden of attacking the judgment and establishing reasons why it should not be given full faith and credit, *e.g.,* that it was not final and subsisting or that the court did not have jurisdiction to enter it, then shifts to the defendant. *Williams v. State of North Carolina, supra; Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex.1975). Furthermore, the presumptions arising from the federal constitution and statute in favor of a plaintiff seeking to enforce a foreign judgment make the defendant's attack on the foreign judgment an affirmative defense "on which the *defendant* has the burden to offer some summary judgment proof." *A & S Distributing Co. v. Providence Pile, Etc.,* 563 S.W.2d 281, 283 (Tex.Civ.App.1977, writ ref'd n.r.e.)(emphasis added).

 The fact that a foreign judgment was taken by default does not defeat the presumption of validity. *Hart v. Calkins Manufacturing, Inc.,* 623 S.W.2d 451 (Tex. App.1981, no writ); *A & S Distributing Co. v. Providence Pile, Etc., supra.* In an attack on the judgment of another state, which by its very nature is a collateral attack, recitals in the foreign judgment are presumed to be valid and the attacker has the burden to produce evidence showing lack of jurisdiction. *Mitchim v. Mitchim, supra; Fuhrer v. Rinyu,* 647 S.W.2d 315, 318 (Tex.App.1982, no writ), and cases cited therein.

 The authenticated copy of the Montana judgment attached to the Bank's petition created a presumption of the judgment's validity and its entitlement to full faith and credit pursuant to U.S.Const.Art. IV, § 1 and 28 U.S.C.A. § 1738 (1966), and is sufficient in itself to establish a prima facie case for enforcement. *Mitchim v. Mitchim, supra; Medical Administrators*

*v. Koger Properties, supra; Hamilton v. Newbury, supra.* Therefore we must first determine whether the Rectors produced some evidence at least raising an issue of material fact as to the validity of the Montana judgment.

A defendant's challenge to the jurisdiction of a sister state can be two-fold in nature. First, the defendant may try to demonstrate that service of process was inadequate under the service of process rules of the sister state. Second, he may assert that the sister state's exercise of *in personam* jurisdiction does not meet the requirements of due process of law. The validity of the Montana judgment is controlled by the law of Montana but due process must be satisfied in order for that state's exercise of *in personam* jurisdiction to be valid. *O'Brien v. Lanpar Company,* 399 S.W.2d 340 (Tex.1966). We will first examine whether service of process was inadequate under Montana law.

## III. SERVICE OF PROCESS UNDER MONTANA LAW

Rule 4 of the Montana Rules of Civil Procedure provides for *in personam* jurisdiction and service of process. Mont.Code Ann. ch. 20, § II, Rule 4 (1985). The Montana long-arm statute, Rule 4B, was originally enacted in 1961 and was patterned in part after the Texas long-arm statute. Mason, The Montana Rules of Civil Procedure, 29 F.R.D. 23, 27 (1962). At times relevant to this cause, Rule 4B provided in part:

All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:

(a) the transaction of any business within this state;

.　　.　　.　　.　　.　　.

(c) the ownership, use or possession of any property, or of any interest therein, situated within this state;

.　　.　　.　　.　　.　.

(2) Acquisition of jurisdiction. Jurisdiction may be acquired by our courts over any person through service of process as herein provided; or by the voluntary appearance in an action by any person either personally, or through an attorney, or through any other authorized officer, agent or employee.

1961 Montana Laws, ch 13, § 4. Subdivision 4D(3) of the rules provides for personal service outside Montana, and provides in part: "Where service upon any person cannot, with due diligence, be made personally within this state, service of summons and complaint may be made by service outside this state in the manner provided for service within this state, with the same force and effect as though service had been made within this state...." Mont.Code Ann. *supra*, Rule 4D(3). Subdivision 4D(1) specifies who may serve process under the rules, and at times relevant to this action provided in part: "Service of all process shall be made by a sheriff of the county where the party to be served is found, by his deputy, by a constable authorized by law, or by any other person over the age of 18 not a party to the action...." 1961 Mont. Laws, *supra.* At times relevant to this lawsuit, Subdivision 4D(2) provided that

[t]he summons and complaint shall be served together unless two or more defendants are residents of the same county, in which case a copy of the complaint need only be served upon one of such defendants.... Service shall be made as follows:

(a) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by delivering a copy of the summons and of the complaint to an agent authorized by ap-

pointment or by law to receive service of process...

*Id.*[1]

The evidence on service of process consists of the return on the service of citation and the affidavits and deposition testimony of the Rectors and Deputy Kent Newman of the Comal County Sheriff's Department. It is uncontested that Newman served citation in Lincoln County Montana District Court cause number DV–80–138, the suit underlying the deficiency judgment, at the Rector residence in New Braunfels on September 13, 1980. The return on the service of citation indicates that both Ken and Pauline Rector were served. That the return is valid on its face raises a rebuttable presumption that statements contained therein are true. The testimony of a defendant alone, without corroborating facts or circumstances, will not defeat this presumption. *Ward v. Nava*, 488 S.W.2d 736 (Tex.1972); *Cummins v. Paisan Const. Co.*, 682 S.W.2d 323, 326 (Tex.App. 1984), writ ref'd n.r.e., 682 S.W.2d 235 (Tex. 1984); *Sauve v. State*, 638 S.W.2d 608 (Tex. App.1982, pet. ref'd).

The Rectors contend that only one copy of the citation was served, and that Newman's deposition contains sufficient corroboration of this contention to rebut the presumption of validity from the face of the return. Pauline Rector stated in her deposition that she was served in cause number DV–80–138. Ken Rector stated in his deposition that he could not remember being served, and in his affidavit stated that to the best of his knowledge and belief he had not been served. Newman stated in his affidavit that on the date in question he served separate copies of both the summons and complaint on Ken and Pauline Rector. Newman's deposition testimony is inconclusive in this regard, and shows only that his record-keeping at the time cannot conclusively establish that separate citations were served on each of the Rectors. Taken together, Newman's affidavit and deposition do not prove by a preponderance of the evidence that only one copy of the citation was served on both parties, and therefore this evidence does not defeat the presumption of valid service of process. *Ward v. Nava, supra.* We hold that the service of process was valid under Montana Law.[2]

## IV. SUFFICIENCY OF CONTACTS: THE DUE PROCESS REQUIREMENT

The Rectors contend that their contacts with Montana are so slight that to allow *in personam* jurisdiction in this cause would offend due process. The due process clause of the Fourteenth Amendment operates to limit the power of the states to assert *in personam* jurisdiction over a nonresident defendant. *Pennoyer v. Neff*, 95 U.S. (5 Otto) 714, 24 L.Ed. 565 (1877). Due process requirements are satisfied, however, when *in personam* jurisdiction is asserted over a nonresident defendant who has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Hamilton v. Newbury, supra.* When a controversy relates to or arises out of a defendant's contacts with the forum, the essential foundation of *in personam* jurisdiction is "a relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*,

---

**1.** Several amendments to the Montana Rules of Civil Procedure were approved in an October 9, 1984, order of the Montana Supreme Court. Minor changes to subdivisions 4B(1) and 4D(1) were enacted which are of no consequence here. An amendment to subdivision 4D(2) deleted the provision that only one copy of the complaint need be served when two or more defendants are residents of the same county. Mont.Code Ann., *supra*, Rule 4D(2). The Advisory Committee Note to the amendment states that "[a]ny justification for the rule appears to have long ago expired."

**2.** Under Subdivision 4D(2) of 1961 Mont.Laws, *supra*, the relevant provision in effect at the time, service would still have been valid even had the Rectors established that only one of them was served with the complaint.

433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977); *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

■ The evidence establishes sufficient minimum contacts between the Rectors, Montana, and the litigation which gave rise to the deficiency judgment to allow the Montana court to exercise *in personam* jurisdiction over the Rectors in the suit underlying the judgment sought to be enforced here. On July 20, 1979, the Rectors executed a power of attorney authorizing Samuel and Janet Jones "to sign any and all papers necessary to finance or refinance the real property and structure located ... at 223 Mineral Avenue in the City of Libby, Kootnei County, Montana, by through [sic] and with the First National Bank of Libby, Libby, Montana." Mr. Rector stated in his deposition that he and Mr. Jones entered into a real estate sales agreement with Mr. LeMorie, who owned the property described in the power of attorney. The property, including a bar and restaurant, was purchased by the Joneses and Rectors with financing from the Bank. LeMorie apparently changed his mind about selling the property after the sale had been finalized and refused to give up the bar and restaurant's alcoholic beverage license, the ownership of which he apparently maintained. Ken Rector stated that he retained an attorney in Libby, Montana who filed a lawsuit in his behalf against LeMorie in an attempt to acquire the liquor license. After discovery in that lawsuit, the attorney recommended suing the Bank, but declined to represent Rector in such an action because he represented the Bank in other matters. Rector stated further that he contacted several other attorneys in Libby regarding a possible suit against the Bank regarding the liquor license. Mr. Rector also sent at least one check to the Bank in the amount of $582.32 as a mortgage payment on the subject property.

Through their agents the Rectors purchased Montana land and made at least one payment on the property directly to the Bank. In suing LeMorie in Montana on a matter directly related to this transaction, Rector availed himself and his wife of the "privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

■ The Rectors point to the fact that the only time they were physically present in Montana was to attend a college football game in 1977. It has recently been held that jurisdiction

> may not be avoided merely because the defendant did not *physically* enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable forseeability of a suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted.

*Burger King Corp. v. Rudzewicz*, — U.S. —, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (emphasis in original). Considerations such as the forum State's interest in adjudicating the dispute and the interstate judicial system's interest in obtaining the most efficient resolution of controversies sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. *Id.* In the present case, the State of Montana has a compelling interest in adjudicating a dispute over the purchase of Montana land, and the most efficient resolution of the controversy dictates allowing the exercise of *in personam* jurisdiction by the Montana court. There are sufficient minimum contacts between the Rectors, Montana and the litigation so as to not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington, supra.* We hold that under these facts the exercise of *in personam* jurisdiction by the Montana court satisfies the requirements of due process.

The Bank established a prima facie case by introducing a properly authenticated copy of the Montana judgment. The Rectors sought to attack that judgment both for want of valid service of process under Montana law and as an exercise of *in personam* jurisdiction offensive to due process requirements. The return on the service of citation in the suit on the deficiency judgment is valid on its face and the Rectors failed to put on evidence to defeat the presumption of valid service which the return raised. The deposition testimony of Mr. Rector demonstrates sufficient minimum contacts with Montana and of his purposefully availing himself and his wife of the laws, protections and benefits of that state that due process was not offended by the Montana court's exercise of *in personam* jurisdiction. The trial court erred in granting summary judgment for the Rectors. Viewing the evidence in the light most favorable to the Rectors no genuine issues of material fact exist, and the Montana court's exercise of *in personam* jurisdiction over the Rectors was proper. We therefore reverse the judgment of the trial court and render judgment for the Bank.