John Neal WOODFIN, Appellant,

v.

Judy COLEMAN, Steven Dewayne Coleman, Rebecca Lynn Reese and Aetna Casualty and Surety Company, Appellees.

No. 03–96–00030–CV.

Court of Appeals of Texas,
Austin.

Oct. 2, 1996.

Rehearing Overruled Nov. 6, 1996.

Jon Mark Hogg, Ratliff & Edwards, San Angelo, for appellant.

James E. Nelson, Shafer, Davis, Ashley, O'Leary & Stoker, Inc., Odessa, for Aetna Casualty and Surety Co.

Guy D. Choate, Joel B. Locke, Webb, Stokes & Sparks, L.L.P., San Angelo, for Coleman, Coleman and Reese.

Before CARROLL,C.J. and KIDD and B.A. SMITH, J.J.

CARROLL, Chief Justice.

More than ten years after the fact, appellant, John Neal Woodfin, sought to set aside a portion of a judgment approving a settlement agreement in a lawsuit to which he was not a party. Appellees Judy Coleman, Steven Dewayne Coleman, Rebecca Lynn Reese, and Aetna Casualty and Surety Company were parties to the settled cause. Here, the parties submitted their case to the trial court on agreed facts. After a hearing, the court denied appellant's request for declaratory and equitable relief. Woodfin challenges the judgment in three points of error. We will affirm the trial court's judgment.

## BACKGROUND

In 1980, Robert Edward Woodfin ("Robert"), then a minor, was injured while in the custody of his father, appellant John Neal Woodfin ("Woodfin"). The injury occurred at a drilling rig. Robert's mother, appellee Judy Coleman, brought suit against the drilling companies in her individual capacity and as Robert's next friend. In 1982, the parties reached an agreement and the 51st District Court of Irion County conducted a friendly suit hearing to approve the settlement agreement and release ("the agreement"). Robert was represented by a guardian ad litem in the proceedings.

According to the agreement, Robert was to receive, in the event he survived, the following payments: $20,000 on March 30, 1989; $109,152 on March 30, 1992; and $157,018 on March 30, 1996. The agreement provided that the payments would be divided among Robert's mother and siblings if Robert failed to survive long enough to receive all the payments ("the contingency clause").

After the agreement was approved by the court but before the final payment had been made, Robert died intestate. After Robert's death, Woodfin, who was not a party to the original lawsuit, filed a suit attacking the validity of the judgment approving the agreement. If the judgment were invalidated, Woodfin would stand to collect part of the last payment under the laws of intestate distribution. The trial court refused to invalidate the prior judgment and Woodfin appealed.

## DISCUSSION

In three points of error, Woodfin claims the trial court erred in denying him declaratory and equitable relief because the contingency clause was: (1) subject to collateral attack; (2) not enforceable; and (3) subject to modification. We disagree.

The trial court correctly ruled that Woodfin was not entitled to relief because his suit was an impermissible collateral attack on the prior judgment. Unless a judgment is void, it is not subject to collateral attack. *See Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985). A judgment is void when the court that rendered it lacked (1) jurisdiction over the parties or property; (2) jurisdiction over the subject matter; (3) jurisdiction to render a particular judgment; or (4) the capacity to act as a court. *Id.; see also*

*Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961) (judgment which discloses its invalidity on its face is a nullity and may be disregarded anywhere at any time). If a judgment does not fail for one of these jurisdictional reasons, it is merely voidable. *Browning,* 698 S.W.2d at 363. Voidable orders are subject to direct attack only. *Id.*

■ The judgment approving the agreement was not void on its face. The district court had jurisdiction over the parties and property, had jurisdiction over the suit, had jurisdiction to render its order approving the settlement, and had the capacity to act as a court. Consequently, Woodfin's collateral attack was impermissible and we overrule Woodfin's first point of error. For the same reasons, the prior judgment is not subject to modification. We, therefore, overrule Woodfin's third point of error as well.

■ Even if Woodfin could collaterally attack the judgment approving the agreement, he would not prevail because the judgment is enforceable. Woodfin claims the judgment is unenforceable because it is an impermissible attempt to supersede the laws of intestate distribution. Woodfin's argument fails for two reasons.

First, under the terms of the agreement, Robert was required to survive to have any interest in the payments. Robert failed to meet the condition precedent to payment of the money. Therefore, his estate had no interest in the final payment and the money was not subject to distribution under the Probate Code.

■ Second, even if Robert's estate had an interest in the final payment, the Probate Code would not invalidate the contingency clause. The Probate Code deems nontestamentary any (1) written instrument (2) effective as a contract (3) that provides for funds due thereunder to be paid to a designee of a decedent. Tex. Prob.Code Ann. § 450(a)(1) (West Supp.1996). The settlement agreement at issue was a written instrument effec-

tive as a contract. *See Old Republic Ins. Co. v. Fuller,* 919 S.W.2d 726, 728 (Tex.App.—Texarkana 1996, writ denied). The contingency clause awarded payments and provided for those payments to be paid to Judy Coleman and her other two children, Robert's designees, in the event of Robert's premature death.

■ Woodfin contends that the contingency clause does not fall within Section 450(a)(1) because Robert himself *did not* designate the alternate beneficiaries of the agreement. Woodfin further asserts that Judy Coleman did not have the power as next friend to make the designation on behalf of Robert. Technically, Robert did not himself designate the alternate beneficiaries. We conclude, however, that Texas Rule of Civil Procedure 44 allowed Coleman as next friend to make a beneficiary designation on behalf of the real party plaintiff, Robert, in settlement of the case.[1] Furthermore, the guardian ad litem representing Robert in the case did not object and the court approved the agreement with the designation intact. Once approved, the judgment was binding. *Id.* Woodfin cannot now collaterally attack the judgment on the grounds that the guardian ad litem and the next friend acted outside their authority or contrary to Robert's best interests. *See Hungate v. Hungate,* 531 S.W.2d 650, 653 (Tex.Civ.App.—El Paso 1975, no writ); *see also Wilson,* 105 S.W.2d at 311. Assuming as we must that the guardian ad litem and the next friend adequately protected Robert's interests, we deem the designation valid and effectively made by Robert.

In light of the above conclusion, and assuming *arguendo* that Woodfin could collaterally attack the prior judgment and that Robert's estate had an interest in the final payment, we hold that the agreement is nontestamentary under the Texas Probate Code. *See* Tex. Prob.Code Ann. § 450(a)(1)

1. Rule 44 provides a minor may be represented by "next friend," who may "with approval of the court compromise suits and agree to judgments...." *See* Tex.R. Civ. P. 44. Even a parent prosecuting in the dual capacity of next friend of a minor and as a plaintiff in her own

right may settle a case, provided her interest is not preferred to the detriment of the minor. *Wilson v. Fisher,* 105 S.W.2d 304, 310 (Tex.Civ. App.—Austin 1937), *cert. denied,* 302 U.S. 746, 58 S.Ct. 264, 82 L.Ed. 577 (1937).

(West 1994). We, therefore, overrule Wood-fin's second point of error.

## CONCLUSION

The judgment of the trial court is affirmed.