COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


IRVING D. BOYES,

                           Appellant,

v.

MORRIS POLICH & PURDY, LLP, A
CALIFORNIA AND NEVADA
LIMITED LIABILITY
PARTNERSHIP,

                            Appellee.

§

§

§

§

§
§


No. 08-04-00157-CV

Appeal from the

H-160th District Court of 

Dallas County, Texas

(TC#04-01559)



 O P I N I O N

           This is an appeal from the trial court’s denial of Appellant’s motion for new trial and
to stay execution of a foreign judgment. For the reasons stated herein, we affirm the trial
court’s denial of the motion for new trial and the stay of execution.
                         I. FACTUAL AND PROCEDURAL BACKGROUND
           Appellee, Morris Polich & Purdy, LLP filed suit in Nevada state court against various
corporate defendants and Irving D. Boyes, individually to recover attorney’s fees incurred
by Appellee in representing the defendants in an unrelated lawsuit. A copy of the answer
filed by Appellant in the Nevada action was included in the appellate record. The Nevada
trial court entered a post-appearance and answer, default judgment against all the defendants
after striking defendants’ answers. The record does not contain any evidence of the reason
for the Nevada court’s striking of the defendants’ answers. No notice of appeal of the
Nevada judgment appears in the appellate record and we assume that none was filed. 
Appellee then filed a notice of filing of foreign judgment in district court in Dallas County,
Texas for the purpose of domestication of the judgment in compliance with Chapter 35 of
the Texas Civil Practice and Remedies Code. Appellant filed a motion for new trial and
motion to stay execution of the judgment solely on the grounds that the Nevada court lacked
jurisdiction over Appellant on the basis of insufficient minimum contacts. Appellant does
not address the striking of his answer or the entry of the post-answer default judgment. The
motion for new trial was denied by the trial court without specifying the grounds. Appellant
filed a notice of appeal of the Texas court’s decision, and asserts one issue with three sub-issues.
II. ISSUES ON APPEAL
           In one issue with three sub-issues, Appellant challenges the trial court’s denial of his
motion for new trial on the grounds that the foreign trial court lacked in personam
jurisdiction over Appellant for the reason that “(A) Nevada lacked sufficient minimum
contacts to exercise jurisdiction over the non-resident Appellant; (B) Appellee failed to
present sufficient evidence at trial [emphasis Appellant’s] to establish sufficient minimum
contacts over the nonresident appellee [sic]; and (C) it was error for the Court to consider the
affidavit of Lynn Levitan and the documents attached thereto as evidence to establish the
sufficient minimum contacts over the non resident [sic] appellant.” His brief does not
address the striking of his answer or the entry of the post-answer default judgment. His
appeal only challenges the underlying jurisdictional basis of the case. We read these three
sub-issues together as a challenge to the Dallas trial court’s failure to grant a motion for new
trial for the reason that the Nevada court lacked jurisdiction over Appellant.
III. STANDARD OF REVIEW
           The standard of review of the denial of a motion for new trial is abuse of discretion.
Champion Int’l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988) (orig.
proceeding); Dugan v. Compass Bank, 129 S.W.3d 579, 582 (Tex.App.--Dallas 2003, no
pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner,
or in other wording, if it acts without reference to any guiding rules or principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); Dugan, 129 S.W.3d
at 582. Similarly, the standard of review for a trial court’s imposition of sanctions is also an
abuse of discretion. Koslow’s v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990); Masterson v.
Cox, 886 S.W.2d 436, 437 (Tex.App.--Houston [1st Dist.] 1994, no writ).
           The requisites for setting aside a post-answer default judgment are the same as those
essential to set aside a no-answer default judgment. Director, State Employees Workers’
Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). The three requirements that must
be shown by the movant in order to obtain a new trial are found in the venerable case of
Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939): (1) the failure
of the defendant to answer before judgment was not intentional, or the result of conscious
indifference on his part, but was due to a mistake or an accident, (2) provided the motion for
new trial sets up a meritorious defense, and (3) is filed at a time when the granting thereof
will occasion no delay or otherwise work an injury to the plaintiff. The Craddock test applies
to post-answer default judgments and to defaults resulting from trial court sanctions that
strike pleadings. See Evans, 889 S.W.2d at 268 (holding Craddock applies to post-answer
default judgments); Equinox Enters., Inc. v. Associated Media, Inc., 730 S.W.2d 872, 874
(Tex.App.--Dallas 1987, no writ) (holding Craddock applies to default judgments issued after
court strikes pleadings in sanction hearing). As stated above, we review a trial court’s
determination of a motion for new trial under an abuse of discretion standard. Sharpe v.
Kilcoyne, 962 S.W.2d 697, 701 (Tex.App.--Fort Worth 1998, no pet.).
           Because we do not know the basis for the trial court’s striking of the pleadings below,
we can only assume it was a sanction imposed by the court for some action or inaction by
Appellant. Appellant does not challenge the striking of the answer, but rather presents a
motion for new trial attacking the merits of the original jurisdictional determination of the
trial court. Craddock and its progeny limit our review of the denial of a motion for new trial,
but because Appellant has not addressed the basis for the striking of his answer and the entry
of the default, we look to the second prong to determine whether he has presented a
meritorious defense to the judgment. Initially, we note Appellant’s motion for new trial only
attacks the trial court’s judgment on the grounds that Appellant lacks sufficient minimum
contacts to be subjected to the Nevada court’s jurisdiction. He makes no mention of the
procedural process that led to his being haled into the Nevada court and has not preserved
any challenge to that process.
           A meritorious defense is one which, if proved, would cause a different result upon a
retrial of the case, although it need not be a totally opposite result. Jackson v. Mares, 802
S.W.2d 48, 51 (Tex.App.--Corpus Christi 1990, writ denied). In Ivy v. Carrell, 407 S.W.2d
212 (Tex. 1966), the supreme court explained what is required to “set up” a meritorious
defense:
The motion must allege facts which in law would constitute a defense to the
cause of action asserted by the plaintiff, and must be supported by affidavits
or other evidence proving prima facie that the defendant has such meritorious
defense.

Id. at 214; see also Guar. Bank v. Thompson, 632 S.W.2d 338, 339 (Tex. 1982); Jackson, 802
S.W.2d at 51. Conclusory allegations do not satisfy the meritorious defense requirement of
Craddock. Luebbe v. Booth, No. 12-03-00289-CV, 2004 WL 1574224, at *3 (Tex.App.--Tyler 2004, pet. denied); see Stein v. Meachum, 748 S.W.2d 516, 518 (Tex.App.--Dallas
1988, no writ) and Boulware v. Sec. State Bank of Navasota, 598 S.W.2d 687, 689
(Tex.Civ.App.--Houston [14th Dist.] 1980, writ ref’d n.r.e.).
           We are presented with a record that establishes that Appellant was before the Nevada
court with an answer that was struck subjecting him to a post-answer default judgment. 
Presented with this limited scope of inquiry, we must determine whether the judgment filed
by Appellee should be entitled to full faith and credit as required by the United States
Constitution.
IV. FULL FAITH AND CREDIT
           The limited appellate record before us consists of a clerk’s record and a supplemental
clerk’s record containing few relevant documents with no reporter’s record of any
proceedings either in the Texas trial court or the Nevada trial court. Appellee is seeking to
enforce a Nevada judgment in Texas pursuant to the Uniform Enforcement of Foreign
Judgments Act (“UEFJA”) pursuant to the requirements of the Texas Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§35.001-008 (Vernon 1997). 
The judgment became enforceable as a Texas judgment on the date it was filed. See Tex.
Civ. Prac. & Rem. Code Ann. § 35.003; Walnut Equip. Leasing Co., Inc. v. Wu, 920 S.W.2d
285, 286 (Tex. 1996). It was subject to the same defenses and proceedings for reopening,
vacating, or staying a judgment as a judgment of the Texas court. See Tex. Civ. Prac. &
Rem. Code Ann. § 35.003(c). Mindis Metals, Inc. v. Oilfield Motor & Control, Inc., 132
S.W.3d 477, 483 (Tex.App.--Houston [14th Dist.] 2004, pet. denied).
           Under the United States Constitution, each state must give a final judgment of a sister
state the same force and effect the judgment would be entitled to in the state in which it was
rendered. U.S. Const. art. IV, § 1. Under the authority of the full faith and credit clause of
the United States Constitution, Congress enacted a statute, now designated 28 U.S.C. § 
1738, which dictates the manner of proving the records of judicial proceedings of other states
and also provides that copies of such proceedings, when properly authenticated under the
statute, “shall have . . . full faith and credit in every court within the United States . . . .”
Under the statute, when a judgment of another state is properly authenticated and appears to
be a record of a court of general jurisdiction, the court’s jurisdiction over the cause on the
parties is presumed, unless disproved by extrinsic evidence or the record itself. See Cook v.
Cook, 342 U.S. 126, 128, 72 S.Ct. 157, 159, 96 L.Ed. 146 (1951); Adam v. Saenger, 303 U.S.
59, 62, 58 S.Ct. 454, 456, 82 L.Ed. 649 (1938); A & S Distrib. Co. v. Providence Pile Fabric
Corp., 563 S.W.2d 281, 283 (Tex.Civ.App.--Dallas 1977, writ ref’d n.r.e.); First Nat’l Bank
of Libby, Montana v. Rector, 710 S.W.2d 100, 103 (Tex.App.--Austin 1986, writ ref’d n.r.e.).
           In Texas, the enforcement of foreign judgments is governed by the Texas version of
the Uniform Enforcement of Foreign Judgments Act. Tex. Civ. Prac. & Rem. Code Ann.
§§ 35.001 et seq. (Vernon 1997). In interpreting the Act, courts have held that the enforcing
state may make a reasonable inquiry into a sister state’s judgment and the jurisdiction over
the parties before affording the judgment full faith and credit. See Williams v. State of North
Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); First Nat’l Bank of Libby,
Montana, 710 S.W.2d at 103. Specifically, a defendant may challenge the jurisdiction of a
sister state to render a foreign judgment on two grounds. First, the defendant may try to
demonstrate that service of process was inadequate under the service of process rules of the
sister state. Second, the defendant may assert that the sister state’s exercise of jurisdiction
does not meet the requirement of that state’s long-arm statute and due process of law. See
O’Brien v. Lanpar Co., 399 S.W.2d 340 (Tex. 1966); First Nat’l Bank of Libby, Montana,
710 S.W.2d at 104.
           In interpreting both the Uniform Enforcement of Foreign Judgments Act and the
Texas version of the Act, courts have held that when a plaintiff sues on a foreign judgment
of a sister state and introduces a properly authenticated copy of the judgment, a prima facie
case for enforcement of the judgment is presented. First Nat’l Bank of Libby, Montana, 710
S.W.2d at 103. Thereafter, the burden of attacking the judgment and establishing any reason
why it should not be given full faith and credit shifts to the defendant. Williams, 325 U.S.
at 235, 65 S.Ct. at 1097-98; Minuteman Press Intern., Inc. v. Sparks, 782 S.W.2d 339,
340-41 (Tex.App.--Fort Worth 1989, no writ); First Nat’l Bank of Libby, Montana, 710
S.W.2d at 103.
           Looking to the limited record before us, we evaluate Appellant’s claim of a lack of
jurisdiction by the Nevada trial court to determine whether the Nevada court’s judgment
properly established jurisdiction over Appellant. We are not presented with any underlying
evidence in support of any of the factual allegations of jurisdiction and must look only to the
record on appeal. We note that the appellate record contains a copy of the Nevada judgment
which reflects the following facts: Plaintiff below presented an application for entry of
default judgment before the Honorable Jessie Walsh, judge presiding, over the District Court
of Clark County, Nevada, Department XII, on December 1, 2003. The trial court granted the
default judgment and found that the default of the defendants was entered on September 23,
2003 due to the court striking the defendants’ answers. The court held that Appellant is
individually and jointly and severally liable with the corporate defendants for the damages
found.
           The question presented by Appellant is whether the judgment, as a matter of law,
reflects personal jurisdiction over Appellant. We hold that it does. The judgment on its face
reflects that Appellant had appeared before the Nevada trial court and answered. The record
does not reflect the reason that the answer was struck but the fact that an answer on behalf
of Appellant was filed and later struck is sufficient to establish that Appellant was subject
to the personal jurisdiction of the Nevada court. Under Texas law, the filing of an answer
is deemed a general appearance submitting him to the jurisdiction of the court for all reasons. 
See Baker v. Monsanto, Co., 111 S.W.3d 158, 161 (Tex. 2003). Appellee’s response to
Appellant’s motion for new trial reflects that Appellant filed a motion in the Nevada
litigation to challenge the Nevada court’s jurisdiction over him which was denied. Appellant
did not include in the appellate record before us the documents or records related to the
proceedings he filed challenging service on him in Nevada. Appellant does not challenge
the court’s striking of his answer nor does he provide an explanation for the court’s actions. 
As stated previously, no record is included, therefore, we do not know whether the answer
was struck for non-appearance or as another sanction. The denial of his original
jurisdictional challenge by the Nevada court resulted in the establishment of personal
jurisdiction over Appellant. See Canadian Helicopers v. Wittig, 876 S.W.2d 304, 308-09
(Tex. 1994). Under Texas law, if Appellant had desired to attack the jurisdiction of the trial
court, he could have filed an immediate appeal. A trial court’s order granting or denying a
special appearance under Rule 120a is appealable as an interlocutory appeal. Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(7) (Vernon Supp. 2004-05). This he did not do.
           From the limited record before us, it appears that Appellant waived his jurisdictional
challenge to the denial of the Nevada motion to quash service submitting him to the personal
jurisdiction of the Nevada trial court by failing to challenge the denial. Further, Appellant
filed an answer in the Nevada litigation which submits him to the Nevada trial court’s
jurisdiction under Texas law. See Tex. R. Civ. P. 121. Appellant has not provided us with
evidence of any Nevada law which would require a different finding nor requested that we
take judicial notice of any Nevada law. When a party does not provide a court with proof of
laws of another state by judicial notice or otherwise, then the laws are presumed to be the
same as that of Texas. See Mindis Metals, Inc., 132 S.W.3d at 487.
           Whether a court has personal jurisdiction over a defendant is a question of law. BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002). We hold that
Appellant was subject to the in personam jurisdiction of the Nevada trial court as a matter
of law.
           Turning to Appellant’s remaining sub-issues, which contend that Appellant lacked
minimum contacts with Nevada to establish jurisdiction, and attempts to attack the validity
of an affidavit filed by Appellee’s Texas attorney providing the court with a copy of the
Nevada answer filed by Appellant, we hold that the record is sufficient to establish minimum
contacts submitting Appellant to the jurisdiction of the Nevada court. A Texas court may
assert personal jurisdiction over a non-resident defendant only if the requirements of both the
Texas long-arm statute and the United States Constitution are satisfied. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 17.041-.045. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466
U.S. 408, 413-14, 104 S.Ct. 1868, 1871-72, 80 L.Ed.2d 404 (1984); CSR Ltd. v. Link, 925
S.W.2d 591, 594 (Tex. 1996).
           The Texas Supreme Court has interpreted this broad statutory language to reach “as
far as the federal constitutional requirements of due process will permit.” BMC Software
Belgium, N.V., 83 S.W.3d at 795. Therefore, the requirements of the Texas long-arm statute
are satisfied if the exercise of personal jurisdiction comports with federal due process
limitations. CSR Ltd., 925 S.W.2d at 594.
           Personal jurisdiction over non-resident defendants is constitutional when two
conditions are met: (1) the defendant has established minimum contacts with the forum state,
and (2) the exercise of jurisdiction comports with traditional notions of fair play and
substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154,
90 L.Ed. 95 (1945). A non-resident defendant that has “purposefully availed” itself of the
privileges and benefits of conducting business in the foreign jurisdiction has sufficient
contacts with the forum to confer personal jurisdiction. Burger King Corp. v. Rudzewicz, 471
U.S. 462, 474-76, 105 S.Ct. 2174, 2183-84, 85 L.Ed.2d 528 (1985) (discussing the
constitutional boundaries of personal jurisdiction). Although not determinative,
foreseeability is an important consideration in deciding whether the non-resident defendant
has purposefully established “minimum contacts” with the forum state. Guardian Royal
Exchange Assurance, Ltd. v. English China Clays, 815 S.W.2d 223, 227 (Tex. 1991). A
defendant, however, should not be subject to a foreign court’s jurisdiction based upon
“random,” “fortuitous,” or “attenuated” contacts. Burger King, 471 U.S. at 475, 105 S.Ct.
at 2183.
           Personal jurisdiction exists if the non-resident defendant’s minimum contacts give rise
to either specific jurisdiction or general jurisdiction. See Helicopteros Nacionales de
Colombia, S.A., 466 U.S. at 413-14, 104 S.Ct. at 1872; BMC Software Belgium, N.V., 83
S.W.3d at 795; Guardian Royal Exchange Assurance, Ltd., 815 S.W.2d at 227. Specific
jurisdiction is established if the defendant’s alleged liability arises from or is related to an
activity conducted within the forum. BMC Software Belgium, N.V., 83 S.W.3d at 796;
Guardian Royal Exchange Assurance, Ltd., 815 S.W.2d at 228. In contrast, general
jurisdiction is present when a defendant’s contacts in a forum are continuous and systematic
so that the forum may exercise personal jurisdiction over the defendant even if the cause of
action did not arise from or relate to activities conducted within the forum state. BMC
Software Belgium, N.V., 83 S.W.3d at 796; Guardian Royal Exchange Assurance, Ltd., 815
S.W.2d at 228; Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990). Therefore, we
must determine that there are either minimum contacts sufficient to confer specific
jurisdiction or continuous and systematic contacts sufficient to confer general jurisdiction.
           To establish specific jurisdiction, the cause of action must arise out of or relate to the
non-resident defendant’s contact with the forum state, and the conduct must have resulted
from that defendant’s purposeful conduct, not the unilateral conduct of the plaintiff or others.
TeleVentures, Inc. v. International Game Technology, 12 S.W.3d 900, 907 (Tex.App.--Austin
2000, pet. denied). Thus, in analyzing minimum contacts for the purpose of determining
Texas courts’ specific jurisdiction, we focus on the relationship among the defendant, the
forum, and the litigation. TeleVentures, 12 S.W.3d at 908; Michiana Easy Livin’ Country
Inc. v. Holten, No. 04-0016, 2005 WL 1252268, at *6 (Tex. May 27, 2005); Blair
Communications, Inc. v. SES Survey Equip. Services, Inc., 80 S.W.3d 723, 727 (Tex.App.--Houston [1st Dist.] 2002, no pet.). The contacts must be purposely directed at or take place
within the forum, and must have a substantial connection that results in the alleged injuries. 
See Michiana Easy Livin’ Country Inc., 2005 WL 1252268, at *3.
           Under the minimum contacts test for specific jurisdiction, we must determine whether
Appellee has had purposeful contacts with the forum state, thus invoking the benefits and
protections of its laws. Guardian Royal Exchange Assurance, Ltd., 815 S.W.2d at 226. This
requirement ensures that a non-resident defendant will not be haled into a jurisdiction based
solely upon random or fortuitous contacts or the “unilateral activity of another party or a third
person.” Id. As long as the contact creates a substantial connection with the forum state,
even a single act can support jurisdiction, but a single act or occasional acts may be
insufficient to establish jurisdiction if their nature and quality and the circumstances of their
commission create only an attenuated connection with the forum. Burger King, 471 U.S. at
475 n.18, 105 S.Ct. at 2184. In determining whether a non-resident defendant’s contacts are
random and fortuitous, the Texas Supreme Court has looked at whether the contacts are
based upon the unilateral acts of the plaintiff or if the defendant participated in an act that
resulted in a contact. See Dawson-Austin v. Austin, 968 S.W.2d 319, 321, 326 (Tex. 1998);
CSR Ltd., 925 S.W.2d at 595.
           If a non-resident has a single contact with Texas, our courts may exercise specific
jurisdiction only if the contact is of substantial quality and nature and the cause of action
arises out of that contact. Michiana Easy Livin’ Country Inc., 2005 WL 1252268, at *5. The
focus of the examination must be the nature of the contacts and the “connection” these
contacts create with the forum state. See id., at *3.
           Included in the appellate record is a copy of the contract signed by the Appellant
agreeing to retain Appellee to provide legal services in connection with litigation occurring
in Nevada. The agreement meets the threshold requirement of the minimum contacts for
specific jurisdiction. We also note that the agreement as signed by Appellant contains a
forum selection clause establishing jurisdiction in Nevada for any dispute arising out of the
payments due under agreement. There is no evidence included in the record that contests the
validity of the agreement. We must presume that the trial court found the agreement to be
valid and binding on the Appellant. Further, the Texas Supreme Court has established that
enforcement of forum-selection clauses is mandatory unless the party opposing enforcement
“clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was
invalid for such reasons as fraud or overreaching.” In re Automated Collection Technologies,
Inc., 156 S.W.3d 557, 559 (Tex. 2004); see also In re AIU Ins. Co., 148 S.W.3d 109, 112
(Tex. 2004). The agreement with the forum selection clause, in light of virtually no evidence
challenging its validity, is sufficient to comply with due process.
           In his brief, Appellant’s arguments are limited to attempts to attack the ultimate
finding that the Nevada and Texas trial court’s made. Appellant does not provide us with a
record to establish what occurred during the Nevada trial court proceedings or any Texas
hearing. Appellant’s ability to challenge the Nevada judgment is limited by Appellant’s
failure to properly attack the Nevada judgment by appeal. He cannot now attempt to
collaterally attack the Nevada court’s judgment.
           Once a properly authenticated copy of the judgment is introduced, the burden shifts
to the defendant to prove any affirmative defenses to the judgment, such as lack of
jurisdiction, faulty service, lack of finality, etc. Minuteman Press Intern., Inc., 782 S.W.2d
at 342; First Nat’l Bank of Libby, Montana, 710 S.W.2d at 103; Schwartz v. F.M.I.
Properties Corp., 714 S.W.2d 97, 100 (Tex.App.--Houston [14th Dist.] 1986, writ ref’d
n.r.e.); Starzl v. Starzl, 686 S.W.2d 203, 205 (Tex.App.--Dallas 1984, no writ); A & S Distrib.
Co., 563 S.W.2d at 283.
           A defense asserted in a Texas court against the enforcement of a foreign judgment is
a collateral attack. Cash Register Sales & Servs. of Houston, Inc. v. Copelco Capital, Inc.,
62 S.W.3d 278, 281 (Tex.App.--Houston [1st Dist.] 2001, no pet.); Rector, 710 S.W.2d at
103. In a collateral attack on a sister state’s judgment, no defense that goes to the merits of
the original controversy may be raised. Cash Register Sales & Servs., 62 S.W.3d at 281;
Goodier v. Duncan, 651 S.W.2d 25, 27 (Tex.App.--Dallas 1983, writ ref’d n.r.e.)
(concluding the merits of the underlying action, dealing with an arbitration award, could not
be addressed in an action to enforce the judgment). This is true for questions of jurisdiction,
if those issues were fully and fairly litigated and decided in the sister court. Mayhew v.
Caprito, 794 S.W.2d 1, 2 (Tex. 1990). A collateral attack on a judgment is successful only
where the judgment is established as void. A judgment is void only when it is apparent the
court rendering it lacked (1) jurisdiction over the parties or property; (2) jurisdiction over the
subject matter; (3) jurisdiction to enter the particular judgment; or (4) the capacity to act as
a court. See Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985); Woodfin v. Coleman,
931 S.W.2d 383, 384 (Tex.App.--Austin 1996, writ denied).
           Although recitals in the foreign judgment are generally presumed valid, in an action
to enforce a foreign judgment, a Texas court may consider evidence that goes to the
jurisdiction of the sister state court over the parties or the subject matter. Brown v. Lanier
Worldwide, Inc., 124 S.W.3d 883, 903 n.34 (Tex.App.--Houston [14th Dist.] 2004, no pet.);
see Johnson v. Johnson, 37 S.W.3d 523, 526-27 (Tex.App.--El Paso 2001, no pet.); see
Rector, 710 S.W.2d at 103; 5 Roy W. Mcdonald & Elaine A. Grafton Carlson, Texas
Civil Practice § 29:27 (2d ed. 2000).
           Here the record contains no evidence other than one conclusory affidavit provided by
Appellant as an attachment to his motion for new trial attempting to challenge the Nevada
court’s implied finding of minimum contacts. Nothing in his motion addresses the court’s
recitations regarding his answer and the entry of a post-answer default judgment.
           Therefore, when a sister state judgment is assailed in Texas, the attack being
collateral, the judgment must be void for the attack to be successful. Hungate v. Hungate, 
531 S.W.2d 650, 653 (Tex.Civ.App.--El Paso 1975, no writ); Commonwealth of
Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942). Finding nothing in the
record to suggest that the Nevada judgment is void, we overrule Appellant’s sub-issue “B.” 
Because our decisions regarding Appellant’s sub-issues “A” and “B” are dispositive of this
appeal, we do not reach Appellant’s sub-issue “C.” Accordingly, having overruled
Appellant’s Issue No. One, sub-issues “A” and “B,” we affirm the trial court’s denial of
Appellant’s motion for new trial and motion for stay.
           Having overruled Appellant’s issue on review, we affirm the judgment of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice

July 21, 2005

Before Barajas, C.J., McClure, and Chew, JJ.