**Matt KARSTETTER, Appellant**

v.

**Chris VOSS and Jensen Investments, Inc., Appellees.**

**No. 05–05–00876–CV.**

Court of Appeals of Texas, Dallas.

Feb. 7, 2006.

Gergory W. Mitchell, The Mitchell Law Firm, L.P., Rowlett, for appellant.

Robert Slim, Rockwall, for appellees.

Before Justices WHITTINGTON, WRIGHT, MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Appellant Matt Karstetter, a Kansas resident, appeals an order vacating a Kansas judgment against appellees Chris Voss and Jensen Investments, Inc. for lack of personal jurisdiction. For the following reasons, we affirm the judgment of the trial court.

### Factual and Procedural Background

Appellees are Texas residents in the business of automobile sales. In January 2004, they placed an advertisement on eBay to sell a 1996 Dodge Ram pick-up truck. The auction ran until February 1, 2004. During the auction, appellant e-mailed appellees inquiring as to whether the truck would "make the drive to Kansas." On January 30, 2004, appellant e-mailed appellees again and asked if they would be willing to end the auction early and deal directly with him for the sale of the vehicle. Appellees declined and continued the auction. Of the fifty-seven bids received, appellant was the highest bidder. Appellant paid for the vehicle and arranged for it to be picked up and driven to Kansas. After the sale, appellant filed suit against appellees in the District Court of McPherson County, Kansas. Appellees did not appear in the suit and appellant received a default judgment in the amount of $5,200.52. Appellant then sought to enforce the Kansas judgment in Texas and filed it in the trial court pursuant to the Uniform Enforcement of Foreign Judgments Act ("UEFJA") and the requirements of the Texas Civil Practice and Remedies Code. *See* 28 U.S.C. § 1738; TEX. CIV. PRAC. & REM.CODE ANN. § 35.001–008 (Vernon Supp.2005).

Appellees filed a Motion to Vacate the Judgment asserting the Kansas court lacked personal jurisdiction. At the hearing on the motion, appellees presented evi-

dence that they never owned property in Kansas, did not have any bank accounts in Kansas, did not advertise in Kansas, and did not have an office or an agent in Kansas. Approximately one percent of appellees' sales are through eBay. The sale of this truck was the only transaction between the parties. The parties exchanged two e-mails before the auction and had one telephone conversation after the auction to set up payment for the truck. Appellant had a driver pick up the truck in Texas. Appellees mailed the title to the truck to appellant in Kansas. After the hearing, the trial court vacated the Kansas judgment for lack of personal jurisdiction.

### Full Faith and Credit

■ Under the United States Constitution, each state must give a final judgment of a sister state the same force and effect the judgment would be entitled to in the state in which it was rendered. U.S. CONST. art. IV § 1; *Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 794 (Tex.1992). Under the authority of the full faith and credit clause of the United States Constitution, Congress enacted a statute which dictates the manner of proving the records of judicial proceedings of other states and also provides that copies of such proceedings, when properly authenticated under the statute, "shall have ... full faith and credit in every court within the United States...." 28 U.S.C. § 1738.

■ In Texas, the enforcement of foreign judgments is governed by the Texas version of the UEFJA. TEX. CIV. PRAC. & REM.CODE ANN. § 35.001 et seq. Courts have held that, when a plaintiff sues on a foreign judgment of a sister state and introduces a properly authenticated copy of the judgment, a prima facie case for enforcement of the judgment is presented. *See* TEX. CIV. PRAC. & REM.CODE ANN.

§ 35.003; *Cook v. Cook*, 342 U.S. 126, 128, 72 S.Ct. 157, 96 L.Ed. 146 (1951); *Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex.1996); *First Nat'l Bank of Libby, Montana v. Rector*, 710 S.W.2d 100, 103 (Tex.App.-Austin 1986, writ ref'd n.r.e.). The foreign judgment becomes enforceable as a Texas judgment on the date it is filed and is subject to the same defenses and proceedings for reopening, vacating, or staying a judgment as a judgment of a Texas court. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(c); *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 483 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). In interpreting the UEFJA, courts have held that the enforcing state may make a reasonable inquiry into a sister state's judgment and the jurisdiction over the parties before affording the judgment full faith and credit. *See Williams v. State of North Carolina*, 325 U.S. 226, 232, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); *Boyes v. Morris Polich & Purdy, LLP*, 169 S.W.3d 448, 454 (Tex.App.-El Paso 2005, no pet.); *Rector*, 710 S.W.2d at 103.

■ The burden of attacking the judgment and establishing any reason why it should not be given full faith and credit is on the defendant. *Williams*, 325 U.S. at 235, 65 S.Ct. 1092; *Minuteman Press Intern., Inc. v. Sparks*, 782 S.W.2d 339, 340–41 (Tex.App.-Fort Worth 1989, no writ); *Rector*, 710 S.W.2d at 103. The defendant may try to prove any affirmative defense to the judgment, such as lack of jurisdiction, faulty service, or lack of finality. *Minuteman Press*, 782 S.W.2d at 342; *Rector*, 710 S.W.2d at 103. Specifically, a defendant may challenge the jurisdiction of a sister state to render a foreign judgment on two grounds: (1) the defendant may try to demonstrate that service of process was inadequate under the service of process rules of the sister state or (2) the defen-

dant may assert that the sister state's exercise of jurisdiction offends due process because it does not have minimum contacts with the sister state. *Cash Register Sales & Servs. of Houston, Inc. v. Copelco Capital, Inc.,* 62 S.W.3d 278, 281 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Rector,* 710 S.W.2d at 103; *see also O'Brien v. Lanpar Co.,* 399 S.W.2d 340 (Tex.1966).

A defense asserted in a Texas court against the enforcement of a foreign judgment is a collateral attack. *Cash Register Sales,* 62 S.W.3d at 281; *Rector,* 710 S.W.2d at 103. In a collateral attack on a sister state's judgment, no defense that goes to the merits of the original controversy may be raised. *Cash Register Sales,* 62 S.W.3d at 281. This is true for questions of jurisdiction if those issues were fully and fairly litigated and decided in the sister court. *Mayhew v. Caprito,* 794 S.W.2d 1, 2 (Tex.1990). A collateral attack on a judgment is successful only where the judgment is established as void. A judgment is void only when it is apparent the court rendering it lacked (1) jurisdiction over the parties or property, (2) jurisdiction over the subject matter, (3) jurisdiction to enter the particular judgment, or (4) the capacity to act as a court. *See Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985).

### Standard of Review

A motion contesting enforcement of a foreign judgment operates as a motion for new trial. *Navarro and Assoc. v. San Remo Mfg., Inc.,* 2006 WL 10093, *1 (Tex.App.-Dallas January 3, 2006); *Moncrief v. Harvey,* 805 S.W.2d 20, 23 (Tex.App.-Dallas 1991, no writ); *Mindis,* 132 S.W.3d at 486; *see also Cash Register Sales,* 62 S.W.3d at 281. A trial court has broad discretion and we may not disturb its ruling absent manifest abuse of discretion. *See Champion Int'l Corp. v. Twelfth*

*Court of Appeals,* 762 S.W.2d 898, 899 (Tex.1988); Tex.R. Civ. P. 320. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or whether the trial court's actions were arbitrary or unreasonable under the circumstances. *Don Navarro,* 2006 WL 10093 at *1; *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

We apply the abuse of discretion standard recognizing that the law required the trial court to give full faith and credit to the Kansas judgment unless the appellees established an exception. *See Mindis,* 132 S.W.3d at 485. The determination of whether the appellees established an exception to full faith and credit generally involves a factual inquiry not resolution of a question of law. *Id.* The trial court has no discretion in applying the law to the established facts. *Id.* Therefore, we review the record to determine whether the trial court misapplied the law to the established facts in concluding whether the appellees established an exception to full faith and credit. *Id.*

In this case, the Texas trial court vacated the Kansas trial court's judgment for lack of personal jurisdiction. Whether a court has personal jurisdiction over a defendant is a question of law. *Am. Type Culture Collection, Inc. v. Coleman,* 83 S.W.3d 801, 805–806 (Tex.2002)(citing *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002)). In resolving this question of law, a trial court must frequently resolve questions of fact. *Coleman,* 83 S.W.3d at 806 (citing *BMC Software,* 83 S.W.3d at 794).

### Personal Jurisdiction

The Kansas long-arm statute authorizes Kansas courts to exercise jurisdiction over a nonresident defendant that

does business in Kansas. *See* K.S.A. § 60–308(b); *McNeal v. Zobrist,* 365 F.Supp.2d 1166, 1169 (D.Kan.2005). As in Texas, the Kansas long-arm statute is liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause. *See Anderson v. Heartland Oil & Gas, Inc.,* 249 Kan. 458, 819 P.2d 1192, 1197–1199 (1991); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir.1998); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.,* 17 F.3d 1302, 1305 (10th Cir.1994); *see also BMC Software,* 83 S.W.3d at 795.

■■■■ Personal jurisdiction over non-resident defendants meets the due process requirements of the Constitution when two conditions are met: (1) the defendant has established minimum contacts with the forum state and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Rainy Day Books, Inc. v. Rainy Day Books & Café,* 186 F.Supp.2d 1158, 1161 (D.Kan. 2002); *BMC Software,* 83 S.W.3d at 795 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Personal jurisdiction exists if the nonresident defendant's minimum contacts give rise to either general or specific jurisdiction. *Kluin v. American Suzuki Motor Corp.,* 274 Kan. 888, 56 P.3d 829, 835 (2002); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413–414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *BMC Software,* 83 S.W.3d at 795–796. General jurisdiction is present when the defendant's contacts in a forum are continuous and systematic so that the forum may exercise personal jurisdiction over the defendant even if the cause of action did not arise from or relate to activities conducted within the forum state. *Kluin,* 56 P.3d at 835; *BMC Software,* 83 S.W.3d at 796. In contrast, specific jurisdiction is established

if the nonresident defendant's alleged liability arises from or is related to activity conducted within the forum. *Kluin,* 56 P.3d at 835; *BMC Software,* 83 S.W.3d at 796.

■■■■ The "touchstone" of jurisdictional due process analysis is "purposeful availment." *Rainy Day Books,* 186 F.Supp.2d at 1162–1163; *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 784 (Tex.2005)(citing *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). "[I]t is essential in each case that there be some act by which the defendant 'purposefully avails' itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 785 (quoting *Hanson,* 357 U.S. at 253, 78 S.Ct. 1228). There are three important aspects to be considered in evaluating purposeful availment. "First, it is only the defendant's contacts with the forum that count: purposeful availment 'ensures that a defendant will not be haled into a jurisdiction solely as a result of ... the unilateral activity of another party or a third person.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Second, the acts relied upon must be "purposeful" rather than "random, isolated or fortuitous." *Id.* (quoting *Keeton v. Hustler Magazine Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)). Third, a defendant must seek some benefit, advantage or profit by "availing" itself of the jurisdiction. By invoking the benefit and protections of a forum's laws, a nonresident consents to suit there. *Id.* (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). By contrast, a nonresident may purposefully avoid a jurisdiction by structuring its transactions so as neither to profit from the forum's laws nor

be subject to its jurisdiction. *Id.* (citing *Burger King,* 471 U.S. at 473, 105 S.Ct. 2174).

■■■ In addition to minimum contacts, the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Rainy Day Books,* 186 F.Supp.2d at 1161; *BMC Software,* 83 S.W.3d at 795 (citing *Int'l Shoe,* 326 U.S. at 316, 66 S.Ct. 154). The following factors are considered in making that determination: (1) the burden on the nonresident defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering substantive social policies. *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. 559; *Guardian Royal Exchange Assur., Ltd. v. English China Clays,* 815 S.W.2d 223, 231 (Tex.1991).

■■■ We review the evidence related to appellees' use of the eBay website to determine whether it establishes minimum contacts sufficient to support either specific or general jurisdiction over appellees by the Kansas trial court. Internet use falls into three categories on a sliding scale for purposes of establishing personal jurisdiction. *Reiff v. Roy,* 115 S.W.3d 700, 705 (Tex.App.-Dallas 2003, pet. denied);[1] *Rainy Day Books,* 186 F.Supp.2d at 1163.

At one end of the scale are websites clearly used for transacting business over the internet, such as entering into contracts and knowing and repeated transmission of files of information, which may be sufficient to establish minimum contacts with a state. On the other end of the spectrum are "passive" websites that are used only for advertising over the internet and are not sufficient to establish minimum contacts even though they are accessible to residents of a particular state. In the middle are "interactive" websites that allow the "exchange" of information between a potential customer and a host computer. Jurisdiction in cases involving interactive websites is determined by the degree of interaction.

*1 & JC Corp. v. Helen of Troy L.P.,* 164 S.W.3d 877, 888–89 (Tex.App.-El Paso 2005, pet. denied); *see also Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (W.D.Pa.1997); *Kluin,* 56 P.3d at 838–839.

By filing an authenticated copy of the Kansas judgment in the Texas court, appellant presented his prima facie case for enforcement in Texas. The burden then shifted to appellees to prove why the Kansas judgment should not be given full faith and credit. Appellees asserted the Kansas court lacked personal jurisdiction. From the evidence adduced at the hearing on the motion to vacate, appellees' contacts with Kansas were not continuous and systemat-

---

1. Many Texas courts have used this sliding scale in determining whether an internet site is sufficient to support the exercise of general jurisdiction over a defendant. See, e.g. *Exito Electronics., Co., Ltd. v. Trejo,* 166 S.W.3d 839, 858 (Tex.App.-Corpus Christi 2005, no pet.); *Townsend v. Univ. Hosp.-Univ. of Colo.,* 83 S.W.3d 913, 922 (Tex.App.-Texarkana 2002, pet. denied); *Experimental Aircraft Ass'n, Inc. v. Doctor,* 76 S.W.3d 496, 506–07 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Michel v. Rocket Engineering Corp.,* 45 S.W.3d 658, 677 (Tex.App.-Fort Worth 2001, no pet.); *Jones v. Beech Aircraft Corp.,* 995 S.W.2d 767, 772 (Tex.App.-San Antonio 1999, pet. dism'd w.o.j.); *Gessmann v. Stephens,* 51 S.W.3d 329, 338–39 (Tex.App.-Tyler 2001, no pet.); *Riviera Operating Corp. v. Dawson,* 29 S.W.3d 905, 911 (Tex.App.-Beaumont 2000, pet. denied); *Daimler–Benz Aktiengesellschaft v. Olson,* 21 S.W.3d 707, 725 (Tex.App.-Austin 2000, pet. dism'd w.o.j.); *see also Mink v. AAAA Dev. LLC.,* 190 F.3d 333, 336 (5th Cir.1999).

ic to give rise to general jurisdiction. Therefore, we have to look to whether the Kansas trial court had specific jurisdiction over appellees. As such, we must determine whether the alleged liability arises from or is related to activity conducted by appellees in Kansas and whether appellees purposefully availed themselves of the privilege of conducting business in Kansas. *Kluin,* 56 P.3d at 835; *Michiana,* 168 S.W.3d at 785.

█ This case would fall into the middle category of the sliding scale used to evaluate internet usage for purposes of establishing jurisdiction since eBay would be characterized as an "interactive website." *I & JC Corp.,* 164 S.W.3d at 888–89. Appellees had to register and list the truck on eBay before appellant could bid on it. However, appellees had no control over who would be the highest bidder. Therefore, we have to look beyond the internet activity to the degree of interaction between the parties. *Id.; see generally Shamsuddin v. Vitamin Research Products,* 346 F.Supp.2d 804, 810 (D.Md.2004) (many courts have held that selling goods through internet auction sites does not subject a defendant to the jurisdiction of the purchaser).

█ The record shows that the interaction between the parties was minimal. The email correspondence between the parties relating to the single purchase was initiated by appellant. There was no evidence that appellees traveled to Kansas or engaged in other transactions with appellant or other Kansas residents either through the eBay service or otherwise. Although appellees did seek some benefit, advantage or profit by selling the truck to a Kansas resident, their contact with Kansas was random, isolated, and fortuitous. The interaction between the parties did not rise to a level such that appellees

should have reasonably foreseen that they would be haled into a Kansas court.

After reviewing the entire record, we conclude the trial court did not abuse its discretion when it determined the Kansas trial court lacked personal jurisdiction over appellees. Appellees did not have sufficient minimum contacts with the State of Kansas to permit the trial court to exercise personal jurisdiction over them. Appellees established an exception to full faith and credit.

Accordingly, we affirm the judgment of the trial court vacating the Kansas judgment for lack of personal jurisdiction.