Niclas L. JONSSON, Appellant

v.

RAND RACING, L.L.C., a Texas Limited Liability Company and William Rand, an Individual, Jointly and Severally, Appellees.

No. 05–07–01763–CV.

Court of Appeals of Texas, Dallas.

Nov. 17, 2008.

Niclas L. Jonsson, Buford, GA, pro se.

Kevin A. Kinnan, David Reese Clouston, Christopher Robin Richie, Patton Boggs, L.L.P., Dallas, TX, for Appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice O'NEILL.

Appellant Niclas L. Jonsson filed an application and petition for entry of judgment on foreign judgment in Collin County. Appellees Rand Racing, L.L.C. and William Rand filed a motion to vacate judgment, which the trial court granted. On appeal, appellant contends the trial court erred in granting the motion to vacate because the California judgment is valid and enforceable under the Uniform Enforcement of Foreign Judgments Act. Specifically, he asserts the judgment is valid because appellees voluntarily submitted to jurisdiction in California despite their claims of lack of notice, and appellees' forum-related activities establish min-

imum contacts sufficient to subject them to jurisdiction in California. We affirm.

## Background

Appellant filed a claim with the California Labor Commission on September 5, 2003 alleging appellees owed him unpaid wages for car races and business expenses he incurred while employed as a professional race car driver for appellees. The record includes "certification of service by mail or certified mail" from the Commission executed on March 29, 2004 and states the Notice of Hearing, Complaint, and Answer was served "by placing a true copy thereof in an envelope addressed as follows:" to appellees at 6533 Riverside Dr., Plano, Texas, 75024. The record also shows the two notices sent to the Plano address were returned and stamped "unclaimed."

Appellees did not file an answer or any other document in regards to appellant's claim. However, a docket entry alleges defendant called the day before the conference and left a message "disputing claim." On June 24, 2004, the Commission awarded appellant $34,345.77, which included unpaid wages and expenses, interest, and penalties under the labor code.

Without further notice or hearing, the labor commissioner for California filed a "Request That Clerk Enter Judgment in the Superior Court of the state of California, Orange County." On that basis, a judgment was entered by the superior court in cause number 04CC01243 on August 4, 2004 in accordance with the award of the labor commissioner.

On September 14, 2007, appellant filed an application and petition for entry on foreign judgment in Collin County district court to recover the money awarded in California. Appellees assert they never received notice of appellant's claim against them until they received the application and petition for entry of judgment on foreign judgment. Appellees then filed a motion to vacate judgment alleging they were never properly served with process or notice of the hearing regarding the California proceedings and that California did not have jurisdiction over them to enter a judgment.

The trial court granted appellees' motion to vacate and noted "the filing of the foreign judgment is of no consequence or effect" and therefore, appellant's foreign judgment was not entitled to full faith and credit and was not enforceable in the State of Texas. Appellant appeals from this order.

## Full Faith and Credit

■ Under the United States Constitution, a state must give the same force and effect to a judgment of a sister state that it would give to its own judgments. *See* U.S. CONST. art. IV, § 1; *Karstetter v. Voss*, 184 S.W.3d 396, 401 (Tex.App.-Dallas 2006, no pet.). The enforcement of foreign judgments is governed by the Texas version of the Uniform Enforcement of Foreign Judgments Act located in the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 35.002 (Vernon 2008).

■ When a judgment creditor files an authenticated copy of a foreign judgment, he satisfies his burden to present a prima facie case for enforcement of the judgment. *Id.* § 35.003(a), (b); *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). This is true even if the foreign judgment is taken by default. *Enviropower, L.L.C. v. Bear, Stearns & Co.*, 265 S.W.3d 16, 2008 WL 456491, at *2 (Tex.App.-Houston [1st Dist.] 2008, pet. filed). The burden then shifts to the judgment debtor to prove the foreign

judgment should not be given full faith and credit. *Karstetter*, 184 S.W.3d at 401; *Mindis*, 132 S.W.3d at 484.

The judgment debtor may try to prove an affirmative defense to the judgment. *Karstetter*, 184 S.W.3d at 401. Specifically, a judgment debtor may challenge the jurisdiction of a sister state to render a foreign judgment on two grounds: (1) the defendant may try to demonstrate that service of process was inadequate under the service of process rules of the sister state or (2) the defendant may assert the sister state's exercise of jurisdiction offends due process because he does not have minimum contacts with the sister state. *Id.* at 401–02.

The presumption of validity can only be overcome by clear and convincing evidence to the contrary. *Mindis*, 132 S.W.3d at 484. The laws of the state rendering judgment determine its validity. *Id.* In this case, when Jonsson filed an authenticated copy of the California judgment, he presented a prima facie case for its enforcement in Texas. The burden then shifted to appellees to prove by clear and convincing evidence why it should not be given full faith and credit.

### Standard of Review

A motion contesting enforcement of a foreign judgment operates as a motion for new trial. *Karstetter*, 184 S.W.3d at 402; *Mindis*, 132 S.W.3d at 486. A trial court has broad discretion, and we may not disturb its ruling absent manifest abuse of discretion. *Karstetter*, 184 S.W.3d at 402. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or whether the trial court's actions were arbitrary or unreasonable under the circumstances. *Id.*

We apply the abuse of discretion standard recognizing the law required the trial court to give full faith and credit to the California judgment unless appellees established an exception. *Id.* The determination of whether they established an exception to full faith and credit generally involves a factual inquiry, not resolution of a question of law. *Id.* The trial court has no discretion in applying the law to the established facts. Therefore, we review the record to determine whether the trial court misapplied the law to the established facts in concluding whether appellees established an exception to full faith and credit of enforcement of the California judgment. *Id.*

### General Appearance

Appellees contend they may challenge the labor commissioner's order because service of process was inadequate under California service of process rules. Appellant, however, contends appellees entered a general appearance, which cured any alleged defect in service. *See In re Marriage of Torres* (1998) 73 Cal.Rptr.2d 344, 62 Cal.App.4th 1367, 1380 (noting even without proper notice, a general appearance will cure any defect in service).

A party makes an "appearance" under California Code of Civil Procedure section 1014 when he "... answers, demurs, files a notice of motion to transfer pursuant to Section 369b, moves for reclassification pursuant to Section 403.040, gives the plaintiff written notice of appearance, or when an attorney gives notice of appearance for the defendant." Cal.Civ. Proc.Code § 1014 (2007); *Sanchez v. Superior Court* (1988) 250 Cal.Rptr. 787, 203 Cal.App.3d 1391, 1397; *see also* Cal.Civ. Proc.Code § 410.50 (stating general appearance by a party is equivalent to personal service of summons on such party). Courts have generally agreed that this is

not exclusive; therefore, a general appearance need not be a formal, technical step, or act. *Sanchez*, 203 Cal.App.3d at 1397, 250 Cal.Rptr. 787. Rather, the term may apply to various acts which, under all the circumstances, are deemed to confer jurisdiction of the person. *Id.* What is determinative is whether the defendant takes a part in the particular action which in some manner recognizes the authority of the court to proceed. *Id.; see also In re Marriage of Torres* (1998) 62 Cal.App.4th at 1381, 73 Cal.Rptr.2d 344 (noting the long-standing rule that if the moving party does not confine himself to the objection of lack of jurisdiction over his person, but seeks affirmative relief on the merits, his application may be deemed a general appearance, regardless of its designation).

■ Under the facts of this case, we cannot conclude that a notation on the docket sheet alleging appellee called the court the day before a conference "disputing claim" as evidence of a general appearance. Although appellant argues a general appearance need not be a formal, technical step or act, and therefore, the telephone call shows appellees' acceptance of the court's jurisdiction, we disagree. First, we cannot conclude leaving a message is an answer, demur or written notice of an appearance, or an attorney's notice of appearance as required by code of civil procedure 1014. The statement alone of "disputing claim" does not necessarily indicate that appellees recognized the court's authority to proceed against him. Appellees could have been disputing appellant's claim of jurisdiction against them in a California court. Likewise, appellees did not seek any affirmative relief on the merits of the case from the court by leaving a message. *See Cal. Overseas Bank v. French Am. Banking Corp.* (1984) 201 Cal.Rptr. 400, 154 Cal.App.3d 179, 184 (noting appearance will be general in na-

ture if the defendant acts in a manner with the purpose of obtaining any ruling or order of the court going to the merits of the case). Further, we have found no authority and appellant has provided none in which a California court determined a party's phone call to the court constituted a general appearance.

In reaching this conclusion, we reject appellant's argument that when the legislature enacted California Labor Code section 98(a) it determined there was no distinction between appearing or participating in a proceeding. Appellant specifically argues "the California legislature's use of the alternative terms 'appear nor participate' expresses its appreciation of no real distinction between an appearance by 'participating' in a proceeding (through attendance) and to simply 'appear' by verbally expressing an intention to dispute the merits of the claim." No where within section 98(a) does it say "appear or participate," but rather in section 98(f) it does reference a defendant's failure to "appear or answer." As stated above, appellees did not file an answer or appear at the hearing, nor did the telephone call constitute an appearance. Thus, appellant's argument is without merit.

■ Further, appellant contends we should not rely on the code of civil procedure because section 98(g) of the labor code states "all hearings conducted pursuant to this chapter are governed by the division and by the rules of practice and procedure adopted by the Labor Commissioner." CAL. LABOR CODE § 98(g) (2007). Therefore, because there is no reference to the code of civil procedure for purposes of determining appearances, we should not rely on it for our analysis. First, we note section 98(g) states "all hearings" are governed by the labor commissioner's adopted rules, but does not specifically say it gov-

erns all procedures outside of a hearing. Second, other portions of the labor code reference the code of civil procedure, which indicates the labor commissioner did not foreclose all reliance on it. *See, e.g.,* CAL. LABOR CODE § 98(f) ("A defendant failing to appear or answer, . . ., may apply to the Labor Commissioner for relief in accordance with Section 473 of the Code of Civil Procedure."); *Id.* § 98.1 ("Upon filing of the order, decision, or award, the Labor Commissioner shall serve a copy of the decision personally, by first-class mail, or in the manner specified in Section 415.20 of the Code of Civil Procedure on the parties."). Therefore, we conclude reliance on the code of civil procedure and case law in determining whether appellees made a general appearance is appropriate.

Having concluded appellees' telephone call did not constitute a general appearance and therefore did not cure any possible defects in service, we must now determine whether appellees established by clear and convincing evidence that appellant's service of process was inadequate under the California service of process rules.

### Service of Process

■ Section 98(a) of the California Labor Code gives the labor commissioner authority to investigate employee complaints. Under labor code section 98(b), when a hearing on a complaint is set, a copy of the complaint, together with a notice of time and place of the hearing, "shall be served on all parties, personally or by certified mail, or in the manner specified by Section 415.20 of the Code of Civil Procedure." CAL. LABOR CODE § 98(b) (2007). Here, the commission did not serve appellees personally; however, the record shows it attempted to serve them by certified mail. But, the two notices were returned and stamped as "un-

claimed" on the envelope. Further, appellees filed an affidavit with their motion to vacate judgment in which William Rand denied receiving any notice of the hearing. Thus, appellees rebutted any presumption that they received the notices. *See, e.g., Bear Creek Master Ass'n v. Edwards* (2005) 31 Cal.Rptr.3d 337, 130 Cal.App.4th 1470 (noting a presumption of receipt is rebutted upon testimony denying receipt); *Slater v. Kehoe* (1974) 113 Cal.Rptr. 790, 38 Cal.App.3d 819, 832 fn. 12 (discussing rules of evidence 606 and 641 presumptions and noting that if party denies receipt of letter, the presumption of receipt is gone from the case). Thus, appellees were not served by certified mail or personal service as required by section 98(b).

Under section 98(b), the only method left for the commission to use was the requirements of code of civil procedure section 415.20. *Id.*

Section 415.20(a) states the following:

In lieu of personal delivery of a copy of the summons and complaint to a person to be served in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

CAL.CIV.PROC.CODE § 415.20 (2007). The record is void of any attempts by the commission to serve a copy of the notice of hearing by leaving it at appellees' office or usual mailing address. The record does indicate the commission sent notice by reg-

ular U.S. mail; however, section 415.20 allows service by this method only *after* the party has been served by leaving the summons at an office or usual mailing address. Thus, the commission failed to comply with section 415.20, as required under labor code section 98(b) for serving notice of the hearing. *Id.;* CAL. LABOR CODE § 98(b).

Having reached this conclusion, we reject appellant's argument that appellees were served under the general service by mail sections of the code of civil procedure. *See* CAL.CIV.PROC.CODE §§ 1012, 1013 (2007). Labor code section 98(b) provides specific methods of service, and sections 1012 and 1013 are not included as service options under the statute. Therefore, any reliance on these sections to prove service is inapplicable.

After considering the evidence, we conclude appellees provided clear and convincing evidence to overcome the presumption of validity that the California judgment should be given full faith and credit in Texas. Because appellees established an exception to the California court's jurisdiction, specifically that service of process was inadequate under the California service of process rules, the trial court did not misapply the law to the established facts of this case. Thus, it properly granted appellees' motion to vacate judgment, and we overrule appellant's first issue.

Because his first issue is dispositive and establishes an exception to the court's jurisdiction, we need not consider whether exercise of jurisdiction in California offends due process because of a lack of minimum contacts with the state. *See Karstetter,* 184 S.W.3d at 401–402 (noting party may challenge jurisdiction of foreign state to render judgement because service of process was inadequate *or* because exercise of jurisdiction offends due process) (emphasis added); *see also* TEX.R.APP. P. 47.1 (court must hand down opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of appeal).

 Finally, we note that in his reply brief appellant argues the right to administrative relief under labor code section 98(f) must be exercised and exhausted prior to seeking relief in Texas. CAL. LABOR CODE § 98(f) ("No right to relief, including the claim that the findings or award of the Labor Commission or judgment entered thereon are void upon their face, shall accrue to the defendant in any court unless prior application is made to the Labor Commissioner in accordance with this chapter."). Appellant failed to raise this argument to the trial court in his opposition to defendants' motion to vacate judgment; therefore, we may not consider it on appeal. *Brown v. Lanier Worldwide, Inc.,* 124 S.W.3d 883, 906 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (review is limited to those issues raised in the trial court regarding enforcement of foreign judgment). We acknowledge he stated in one sentence that "defendants had twenty days written notice of their right to appeal the Order on any grounds, but failed to do so." However, this statement alone, without any further explanation or citation to labor code section 98(f), was not sufficient to make the trial court aware of any possible argument challenging appellees' failure to exhaust their administrative remedies. As such, appellant's argument is waived.[1]

---

1. Although we construe pro se pleadings liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978); *Amir–Sharif v. Hawkins,* 246 S.W.3d 267, 270 (Tex.App.-Dallas 2007, pet. dism'd w.o.j.).

Having overruled appellant's arguments, we affirm the trial court's order.