

# NUMBER 13-09-289-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

**DIESEL INJECTION SALES AND SERVICE,**             **Appellant,**

**v.**

**DIESEL HEADS AND PARTS SERVICES, INC.,**             **Appellee.**

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela**
**Memorandum Opinion by Justice Vela**

This is an appeal from a trial court order denying appellant, Diesel Injection Sales

& Service's ("Diesel Injection"), motion for new trial and motion to stay enforcement of a

foreign judgment and protective order entered in favor of appellee, Diesel Heads and Parts

Services, Inc. ("Parts and Services"). We affirm.

## I. Background

Parts and Services filed a notice of filing of foreign judgment on October 10, 2008 in the 347th District Court of Nueces County. The notice stated that a judgment for $55,960 was rendered in its favor by a Knox County, Tennessee court on February 22, 2006, in a case styled "Diesel Head & Parts Services, Inc. v. Diesel Injection Sales & Service." On February 10, 2009, Parts and Services filed a supplemental affidavit with an attached authenticated copy of the Tennessee judgment and a certified copy of a Tennessee court of appeals' order dismissing an appeal that had been filed by Diesel Injection in Tennessee. Diesel Injection responded by filing a motion for new trial and first amended motion to stay enforcement of the foreign judgment and a protective order. Parts and Services filed a response on April 23, 2009. The trial court conducted a hearing and, after hearing arguments of counsel, found that the copy of the judgment filed on February 10, 2009, was properly authenticated, and denied Diesel Injection's motion for new trial and request for stay of enforcement of the judgment.

## II. Standard of Review and Applicable Law

The Uniform Enforcement of Foreign Judgments Act ("UEFJA") provides a means by which an authenticated copy of a foreign judgment may be filed in a court of competent jurisdiction in Texas and become enforceable as a Texas judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c) (Vernon 2008); *see Walnut Equip. Leasing Co. Inc. v. Wu,* 920 S.W.2d 285, 286 (Tex. 1996).

The United States Constitution requires each state to give full faith and credit to the judicial proceedings of every other state. *See* U.S. CONST. art. IV, § 1. When a judgment

creditor chooses to enforce a foreign judgment under the UEFJA, the filing is considered both plaintiff's original petition and its final judgment. *Wu*, 920 S.W.2d at 286; *see also Counsel Fin. Servs., L.L.C. v. Leibowitz, P.C.*, Nos. 04-09-00079-CV, 04-09-00080-CV, 2010 WL 454901, at *3 (Tex. App.–San Antonio Feb. 10, 2010, no pet. h) (mem. op.). When a judgment creditor files an authenticated copy of a foreign judgment under the UEFJA, he satisfies his burden to present a prima facie case for enforcement of the judgment; the burden then shifts to the judgment debtor to prove the foreign judgment should not be given full faith and credit. *Jonsson v. Rand Racing, L.L.C.*, 270 S.W.3d 320, 323-24 (Tex. App.–Dallas 2008, no pet.); *H. Heller & Co. v. La-Pac. Corp.*, 209 S.W.3d 844, 849 (Tex. App.–Houston [14th Dist] 2006, pet. denied). A motion contesting enforcement of a foreign judgment operates as a motion for new trial. *Jonsson*, 270 S.W.3d at 324. A trial court has broad discretion in this regard. *Id*. The presumption of validity can only be overcome by clear and convincing evidence to the contrary. *Mindi*s *Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 (Tex. App.–Houston [14th Dist.] 2004, pet. denied); *Cash Register Sales & Services of Houston, Inc. v. Copelco Capital, Inc.*, 62 S.W.3d 278, 281 (Tex. App.–Houston [1st Dist.] 2001, no pet.).

There are five well established exceptions to the requirements of full faith and credit: (1) the foreign judgment is interlocutory; (2) the foreign judgment is subject to modification under the law of the rendering state; (3) the rendering state court lacked jurisdiction; (4) the foreign judgment was procured by extrinsic fraud; and (5) the period to file a foreign judgment under the UEFJA had expired. *Mindis Metals, Inc.*, 132 S.W.3d at 484. The UEFJA provision that a filed foreign judgment is subject to the same procedures, defenses,

3

and proceedings for vacating a Texas judgment has been interpreted as referring to "the procedural devices available to vacate a Texas judgment." *Id*. "It cannot mean that the judgment can be vacated for any reason sufficient to support a traditional motion for new trial." *Id*. Further, in a collateral attack on a sister state's judgment, no defense may be set up that goes to the merits of the original controversy. *Russo v. Dear*, 105 S.W.3d 43, 46 (Tex. App.–Dallas 2003, pet. denied). In *Russo*, the court opined that it would be improper to raise a personal jurisdiction issue in Texas when it had been fully and fairly litigated in the foreign jurisdiction. *Id*. at 47. "The Texas court's scope of inquiry is limited to whether questions of jurisdiction were fully and fairly litigated and finally decided by a sister state, and if so, personal jurisdiction may not be raised again in the Texas court." *Id*.

### III. ANALYSIS

The written motion for new trial filed by Diesel Injection attacked only the improper authentication of the judgment. The UEFJA provides that:

> (a) At the time a foreign judgment is filed, the judgment creditor or the judgment creditor's attorney shall file with the clerk of the court an affidavit showing the name and last post office address of the judgment debtor and the judgment creditor.

TEX CIV. PRAC. & REM. CODE ANN. § 35.004(a) (Vernon 2008).

The foreign judgment at issue here appears to be a judgment from the circuit court in Knoxville, Tennessee. Diesel Head Parts Service, Inc. is named as plaintiff and Diesel Injection Sales and Service is named as defendant. The judgment states that defendant answered and there was witness testimony offered at a trial. The judgment decrees that plaintiff has a judgment against defendant for a sum certain. It is dated, signed, and

4

authenticated by the official clerk's certificate. It does not appear interlocutory on its face. The record also reflects that an affidavit was filed by appellee's attorney showing the name and last post office address of both the judgment creditor and judgment debtor. Appellee made its prima facie case for enforcement.

At the hearing, counsel for appellant made additional arguments outside his written motion, suggesting that it was unclear whether the judgment was final, and that the judgment was ambiguous because there are two corporations that utilize the name Diesel Injection Sales and Service, one in Nueces County and one in Bexar County. Counsel for appellant produced his own affidavit to support this argument, stating that he had received the official public records for both counties.

Regarding appellant's ambiguity argument, there is nothing in the language of the judgment to suggest that the judgment is interlocutory. There are only two parties and the disposition appears, on its face, to be final. There was also no evidence offered to suggest that appellant here was not the defendant named in the Tennessee judgment. Appellant also did not support this argument by legal authority at the hearing or on appeal.

Counsel also argued the Tennessee court lacked personal jurisdiction over the defendant because Parts and Services never had employees or agents in Tennessee and Parts and Services had never performed contracts in Tennessee. An affidavit was filed in support of the jurisdictional issue by Roger Koenning, Diesel Injection's president.

In reviewing the limited record before us, we note that the judgment on its face shows that the defendant answered the lawsuit. In Texas, the filing of an answer is deemed a general appearance, submitting a defendant to the jurisdiction of the court for all purposes. *Boyes v. Morris, Polich & Purdy, LLP*, 169 S.W.3d 448, 455 (Tex. App.–El

5

Paso 2005, no pet.); *see Baker v. Monsanto, Co.*, 111 S.W.3d 158, 160 (Tex. 2003). We do not have before us any argument or authority with respect to whether Diesel Injection challenged the Tennessee court's jurisdiction or if the law in this regard is different in Tennessee. Diesel Injection presented nothing to this Court to support the argument that the Tennessee court was without jurisdiction. The only evidence on the record is that defendant filed an answer to the lawsuit. On its face, it appears that Diesel Injection acquiesced to the Tennessee court's jurisdiction.

On appeal, Diesel Injection argues that the corporate name is incorrect in the judgment, was denied the right to an appeal in the Tennessee appellate court, and Diesel Injection claims extrinsic fraud because it tendered a $1,000 check payable to the Tennessee Court of Appeals, but the appeal was dismissed with no opportunity to respond. None of these arguments were raised in the Texas trial court. Because these arguments were never before the trial court, they may not be raised for the first time on appeal. TEX. R. APP. P. 33.1. There was also no legal authority supporting these contentions on appeal. Regardless, the record reflects that Roger Koenning, Diesel Injection's president, attempted to appeal the Tennessee judgment. The appellate court found that his notice of appeal was untimely and that a corporation cannot be represented by an officer or non-lawyer, and the Tennessee court dismissed for lack of jurisdiction. Again, this reflects that Diesel Injection had acquiesced to the Tennessee court's jurisdiction.

## IV. CONCLUSION

Parts and Services met its prima facie case under the UEFJA. It then became Diesel Injection's burden to prove the contrary by clear and convincing evidence. Because there was no evidence offered establishing, by clear and convincing evidence, that the

6

Tennessee judgment should not be given full faith and credit, and because there was not any evidence of the recognized exceptions, we overrule Diesel Injection's issues and affirm the order of the trial court.

ROSE VELA
Justice

Delivered and filed the 1st
day of April, 2010.